# AMERICAN SECURITY & TRUST COMPANY *v.* DISTRICT OF COLUMBIA.

### TAXES; STATUTES.

1. Congress has the power to increase a tax rate in this District, to take effect at the beginning of the new fiscal year, although such date is the middle of the calendar year to which the former lower rate applied.

2. Where a trust company of this District prior to July 1, 1902, paid one half of its yearly taxes for the calendar year beginning January 1, 1902, according to the tax rate established by sec. 16 of the act of Congress of October 1, 1890 (26 Stat. at L. 629, chap. 1246), namely 1½ per cent of its gross earnings for the preceding calendar year; and by the act approved July 1, 1902, such tax rate was increased to 6 per cent, based upon gross earnings for the preceding fiscal year, which ended June 30, 1902,—it was *held* that the tax payable by the company for the fiscal year beginning July 1, 1902, was 6 per cent of its gross earnings for the fiscal year ending June 30, 1902, subject to deduction of the amount paid by it at the lower rate under the former act. (Following *District of Columbia* v. *Glass*, 27 App. D. C. 576.)

No. 1688. Submitted February 15, 1907. Decided March 5, 1907.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, rendered upon an agreed statement of facts, in an action to recover money alleged to have been paid for taxes under protest.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action to recover money alleged to have been unlawfully exacted by the District of Columbia as taxes due under the act of Congress approved July 1, 1902. The case was submitted to the trial court upon an agreed statement of facts,

from which it appears that the payment was made under compulsion and protest.

The act of Congress of October 1, 1890, provides for the organization of trust, loan, and other companies, and thereunder the plaintiff, the American Security & Trust Company, was duly incorporated. Sec. 16 of said act provides that such companies shall make a statement under oath within the first twenty days of the calendar year, showing gross earnings for the preceding calendar year, and "shall pay to the District of Columbia, in lieu of personal taxes for each next ensuing year, 1½ per centum of its gross earnings for the preceding year,   *   *   * which amount shall be payable to the collector of taxes at the times and in the manner that other taxes are payable." [26 Stat. at L. 629, chap. 1246.] The act further provides that it may at any time be altered, amended, or repealed.

Under other laws then in force, taxes were payable in May of each year, but one half could be paid then, and the remaining half in November following, at the option of taxpayers.

Plaintiff from year to year after its incorporation made the return and paid the taxes as required by sec. 16 of the act of 1890. About May 22, 1902, it reported to the assessor its gross earnings for the calendar year ending December 31, 1901, and on May 29, 1902, paid to the collector one half of the taxes payable under the said act of 1890, for the calendar year ending December 31, 1902.

A new taxing act relating to trust companies was approved and took effect July 1, 1902. Sec. 6 of this act provides that hereafter the assessor shall annually cause to be prepared a printed blank schedule of all tangible personal property, etc., subject to taxation, and that the amount of the tax thus ascertained shall be entered upon the books for taxation for the fiscal year beginning July 1, 1902, and each fiscal year thereafter. Paragraph 5 of said sec. 6 provides that each trust company shall make affidavit to the board of personal tax appraisers, on or before the 1st day of August of each year, as to the amount of its or their gross earnings for the preceding year ending the 30th day of June, and shall pay to the collector of taxes of the

District of Columbia a per centum of such gross earnings as follows: * *˙ *  trust companies, 6 per centum, * * * provided, * * *  that so much of the act approved October 1, 1890, entitled "An Act to Provide for the Incorporation of Trust, Loan, Mortgage, and Certain Other Corporations within the District of Columbia," as is inconsistent with the provisions of this section, is hereby repealed.

The plaintiff, upon requirement of the District authorities, made a return of its gross earnings for the fiscal year ending June 30, 1902, under protest. It was then assessed according to the amount of gross earnings returned, at the rate of 6 per cent thereon, for the fiscal year beginning July 1, 1902, and ending June 30, 1903, the gross amount of such tax being $12,236.66. Plaintiff demanded the right, under the act of 1890, to pay the remaining one half of the taxes for the calendar year ending December 31, 1902, at the rate of 1½ per cent on the previous year's earnings reported in May, 1902, as before stated. It appears from the agreed statement that plaintiff also tendered and paid the said taxes amounting to $1,535.33; but the reasons for, and the circumstances under which the District authorities received the same, are not stated.

Plaintiff then paid the sum assessed and demanded under the act of July 1, 1902, for the fiscal year ending June 30, 1903, which amounted to the sum of $12,236.66. For the recovery of one half of this sum the action was brought.

The agreed statement of the case concludes with the following paragraph: "It is hereby stipulated that if it be found by the court that the aforesaid tax of $12,236.66 was lawfully assessed against the plaintiff for the year ending June 30, 1903, and that the plaintiff is not entitled to recover for any part of said tax paid by it as aforesaid, then and in that event plaintiff shall be entitled to judgment against defendant for the sum of fifteen hundred and twenty-five dollars and thirty-three cents ($1,525.33), paid by it to the defendant on the 11th day of November, 1902, for the second half of the taxes in lieu of personal taxes for the year ending December 31, 1902, and assessed

under the provisions of the act of Congress approved October 1, 1890, chap. 1246."

The judgment of the court was for the defendant as regards the right to collect the tax under the act of 1902, and pursuant to that agreement the court ordered judgment for the plaintiff for the sum of $1,525.33 on account of the taxes paid under the superseded law of 1890.

From this judgment the plaintiff has appealed.

Mr. *Aldis B. Browne* and Mr. *George E. Hamilton* for the appellant.

Mr. *Edward H. Thomas,* Corporation Counsel, and Mr. *Francis H. Stephens,* Assistant, for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

We cannot agree with the contention on behalf of the appellant, that the right to exact taxes upon its gross receipts was fixed, as to basis of imposition, rate, and annual period, under the former law so as to remain unaffected by the act of July 1, 1902. The act of July 1, 1902, worked a radical change in the scheme of taxation of trust companies in two respects. It not only increased the rate from 1½ to 6 per cent of gross earnings, but changed the tax year from the calendar to the fiscal year. It took effect from its approval on the first day of the new fiscal year, and expressly repealed the inconsistent provisions of the act of October 1, 1890. From and after July 1, 1902, the new scheme and rate expressly prevailed. Any other view would run counter to the express intention of Congress. To hold that it was intended to take effect, say January 1, 1903, instead of the date of its approval, in order to save the rights of the plaintiff and others similarly situated, would not only be for this court arbitrarily to fix a date for it to take effect, but also to return to the calendar year as the taxing year, against the declared purpose of Congress. Moreover, it would result from

such a conclusion that the tax for the half year from July 1, 1902, to December 31, 1902, under the old law would be uncollectable at all; for the collector had no authority to collect taxes after July 1, 1902, except in accordance with the terms of the act of that date. *District of Columbia* v. *Glass,* 27 App. D. C. 576, 579.

We regard the doctrine of that case as decisive of this. Although the facts are different, the governing principle is the same in both. In that case, Congress, by the act of April 28, 1904, had reduced the rate payable by building associations under the act of July 1, 1902, from 4 to 2 per cent of gross earnings. When the association tendered payment of its taxes at the regular time of payment in May, 1904, the District of Columbia demanded the rate imposed by the former act. In the action to recover the excess of the old over the new rate, it was held that the collector of taxes was governed by the law in force at the time the payment was due, and not by the former law, under which the return of gross earnings had been made. The contention of the District, denied in that case, was substantially that of the appellants in this. In disposing of that case, it was said by Mr. Justice McComas, who delivered the opinion of the court: "There is no room for discussing whether that act of April 28, 1904, was in its operation retroactive or prospective in respect of the tax on building associations. It went into effect on the day of its approval, so far as building associations are concerned. * * * Congress intended to relieve building associations from a tax it deemed too onerous upon them, and it plainly expressed its purpose to relieve them by an absolute repeal of the 4 per cent rate before the time that rate was payable, and substituted a 2 per cent rate, and in terms applied that rate to the entire gross earnings of building associations for the preceding year ending June 30, 1903. The defendant's argument that the act which went into effect April 28, 1904, should be construed to tax gross earnings for the preceding year, ending June 30, 1904, asks us to legislate and to alter and amend a plain and clear enactment which admits of no doubt."

In that case the rate was reduced because deemed too great;

in this it was increased because deemed too small.   There is no other substantial difference in the two acts, and the repealing clauses are identical.   There is no saving or explanatory clause in either, relating to the former law substituted and repealed.

The question in this case is not one of implied double taxation, but of an increase in the rate, taking effect in the middle of the calendar year, which was the year to which the former lower rate applied, and at the beginning of the new fiscal year.   This, Congress had the power to do, and whether it would make some equitable provision for the unexpired year, without interfering with its purpose to make a new taxing year, was a matter within its discretion.   It did not see proper to do so, and the courts have no power to engraft such a provision upon the enactment, or to defeat the intention of Congress to create a new taxing year by holding that it could not be put in operation by reason of its failure to provide for the condition produced by its change of policy.

We find no error in the judgment, and it will be affirmed, with costs.                                    *Affirmed.*

